UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA M. SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 1:14-cv-01920-SEB-TAB |
| vs. ) | |
| ) | |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

**I.     Introduction**

Plaintiff Joshua M. Shelton raises three arguments in challenging the Administrative Law Judge's denial of his claim for Social Security disability benefits.  First, Shelton argues the ALJ did not provide a logical basis for rejecting the opinions of an evaluating psychologist, Robert Kissel.  Second, Shelton contends the ALJ did not evaluate the opinions of two psychologists who examined him.  Third, Shelton asserts that his limitations in social functioning, as found by the ALJ, prevent him from getting through the necessary probationary period at the jobs used by the ALJ to deny his claims.

The Court held oral argument on this case on August 13, 2015.  For the reasons set forth below, the Magistrate Judge recommends that Shelton's brief in support of appeal [Filing No. 15] be granted and that this case be remanded for further proceedings.

**II.     Standard of Review**

In considering Shelton's arguments, the issue before the Court is whether the Commissioner's decision is supported by substantial evidence. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The ALJ must also build an "accurate and logical bridge" from the evidence to her conclusion. *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009).

**III.    Discussion**

With regard to Shelton's first argument, the record reveals that psychologist Dr. Kissel evaluated Shelton at counsel's request. [Filing No. 12-9, at ECF pp. 51-58.] Dr. Kissel observed "some weakness in [Shelton's] alertness as he was a slow and self-focused responder….He showed adequate attentional skills but could be distracted or inattentive relative to self-focus." [Filing No. 12-9, at ECF pp. 52-53.] Shelton showed weak social skills. [Filing No. 12-9, at ECF p. 53.] During direct testing, Shelton was able to respond to basic test instructions, but needed instructions repeated. Dr. Kissel administered the Million-III test. [Filing No. 12-9, at ECF p. 56.] Dr. Kissel wrote that the clinical pattern "suggested an individual who presents with avoid[ant] and dependent personality characteristics." *Id.* Dr. Kissel also administered the Gilliam Asperger's Disorder Scales, and the results indicated a "high probability" that Shelton has Asperger's Disorder. *Id.* Dr. Kissel concluded that "Shelton's possibilities for competitive, independent employment are quite limited." *Id.*

The ALJ was dismissive of Dr. Kissel's opinions. The ALJ stated that he was giving Dr. Kissel's opinion limited weight because it was performed at the request of the Plaintiff's attorney. [Filing No. 12-2, at ECF p. 22.] The ALJ also wrote, "Further, Dr. Kissel based much

of his opinion on the reports of the claimant and his mother, which noted above, have been inconsistent." [Filing No. 12-2, at ECF p. 22.] The Magistrate Judge agrees with Shelton that neither of these reasons provides a logical bridge between the evidence and the conclusion.

The fact that a medical report has been solicited by Plaintiff or his representative is not a sufficient reason to reject that evidence. *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). One year after *Punzio*, the Seventh Circuit handed down *Chase v. Astrue*, 458 F. App'x 553, 557 (7th Cir. 2012), stating, "that a medical report is provided at the request of counsel … is not legitimate basis for evaluating the reliability of the report." *See also Allen v. Astrue*, No. 1:10-cv-1449-WTL-MJD, 2012 U.S. Dist. LEXIS 30269, at *11 (S.D. Ind. Mar. 6, 2012) ("that relevant evidence has been solicited by the claimant or [his] representative is not a sufficient justification to belittle or ignore that evidence"); McMurray v. Astrue, No. 1:10-cv-699-SEB-TAB, 2011 U.S. Dist. LEXIS 72211, at *8 (S.D. Ind. July 6, 2011). Moreover, Dr. Kissel's report was based on psychological testing, a mental status examination, a clinical interview, Dr. Kissel's observations of Plaintiff's behavior during that interview, and a review of the information from Plaintiff's Social Security file. [Filing No. 12-9, at ECF pp. 51-58.] Dr. Kissel had more information about Plaintiff than any other psychological expert involved in this case.

The ALJ also gave little weight to Dr. Kissel's opinion because "Dr. Kissel based much of his opinion on the reports of the claimant and his mother, which as noted above, have been inconsistent." [Filing No. 12-2, at ECF p. 22.] Shelton does not dispute that he and his mother made inconsistent statements. However, Shelton challenges the ALJ's conclusions that Dr. Kissel based "much" of his opinions on those statements as well as the Commissioner's contention that Dr. Kissel's opinions were based "mostly" on those statements. [Filing No. 16,

3

at ECF p.12.] Shelton's reply brief persuasively sets forth the following conclusions Dr. Kissel reached without relying on his own statements or those of his mother:

- There was weakness in Shelton's alertness as he was a slow and self-focused responder. He showed adequate attentional skills but could be distracted or inattentive relative to self-focus;

- Shelton showed weak social skills;

- During direct testing, Shelton was able to respond to basic test instructions, but needed instructions repeated;

- Shelton's responses on the Million-III test suggested someone who is quite uncomfortable socially and views negatively any interaction with others; and

- On testing, Shelton required a number of specific instructions to get going on tasks.

[Filing No. 17, at ECF p. 4.] The ALJ did not provide a valid reason for minimizing the weight given to these findings. As a result, the Magistrate Judge finds that the ALJ's decision is not supported by substantial evidence and that remand is appropriate.

The second argument Shelton makes is that the ALJ did not evaluate the opinions of two psychologists who evaluated Shelton. In 2012, psychologist Mark Roth, Ph.D., evaluated Shelton in connection with an application for Medicaid. [Filing No. 12-7, at ECF pp. 27-28.] Dr. Roth wrote that Shelton "appeared to be involved in a vicious cycle of inactivity and depression that leads to loss of motivation and further withdrawal." [Filing No. 12-7, at ECF p. 27.] He added that Shelton "tends to withdraw when stressed. In part as a result, he has been unable to keep jobs." *Id.* In addition, Shelton "appears to suffer from attention deficit symptoms, including forgetfulness, distractibility, and self-regulatory deficits." *Id.* The ALJ's decision mentioned Dr. Roth's examination [Filing No. 12-2, at ECF pp. 14-16; Filing No. 12-2, at ECF p. 19] but did not evaluate any of Dr. Roth's opinions. The only opinions evaluated by

4

the ALJ were those of the Disability Determination Bureau psychologists and Dr. Kissel. [Filing No. 12-2, at ECF pp. 20-21.]

In addition, psychologist Iris Crider-Nash, Ph.D., of the Adult & Child Mental Health Center, evaluated Shelton in 2006. [Filing No. 12-9, at ECF pp. 23-24.] Dr. Crider-Nash administered the MMPI-2 and determined that the results were valid. [Filing No. 12-9, at ECF p. 23.] She wrote that people with responses similar to Shelton's "are characterized by significant depressive thoughts, hopelessness, and social thinking. They report feeling uncertain about their future and are uninterested in their lives. They are likely to brood, be unhappy, be tired and feel hopeless and empty." *Id.* Dr. Crider-Nash also noted that Shelton "endorsed having significant behaviors or attitudes that are likely to contribute to poor work performance." *Id.* The ALJ mentioned Dr. Crider-Nash's examination [Filing No. 12-2, at ECF pp. 17-18] but did not evaluate Dr. Crider-Nash's opinions.

The Commissioner argues that psychologists Roth and Crider-Nash did not give medical opinions as defined by the regulations, and thus the ALJ did not err by failing to evaluate them. These statements are fairly read to provide a professional judgment, based on Shelton's history and medical analysis, that Shelton has problems with motivation and with increasing withdrawal from others. These statements involve the nature and severity of Shelton's impairment and therefore constitute medical opinions as defined by the Commissioner's regulations. The Commissioner also contends that the opinions of Dr. Crider-Nash following administration of the MMPI-2 to Shelton are not opinions but merely "reports about people who gave responses similar to Shelton on a personality test." [Filing No. 12-2, at ECF p. 14.] However, a MMPI-2 is an accepted and reliable tool that is used by mental health professionals to assess and diagnose mental health disorders. The Social Security Administration itself has used the MMPI-2 as part

5

of consultative psychological examinations.  *See, e.g., Myers v. Astrue*, No. 4:08-cv-64-WGH-DFH, 2009 U.S. Dist. LEXIS 51363, at *21-22 (S.D. Ind. June 18, 2009).

In summary, the statements from Drs. Roth and Crider-Nash provide professional judgments about Shelton's symptoms, the nature of his impairment, and the severity of his impairment.  Drs. Roth and Crider-Nash are psychologists and are, therefore, acceptable medical sources.  Their statements are not legal conclusions, but rather are medical opinions, as defined by the Commissioner's regulations.  The ALJ's failure to evaluate the medical opinions of Drs. Roth and Dr. Crider-Nash support a remand.

As his final ground for remand, Shelton argues that his limitations in social functioning, as found by the ALJ, prevent him from getting through the probationary period at the jobs used by the ALJ to deny his claims.  At the hearing, the ALJ asked vocational expert Tanya Owen about a hypothetical person with the abilities and limitations that the ALJ ultimately found were appropriate for Shelton.  [Filing No. 12-2, at ECF pp. 72-73.]  Included in the question were limitations in social functioning that prevented Shelton from having more than brief, superficial interaction with co-workers, supervisors, and the general public.  [Filing No. 12-2, at ECF pp. 72-73.]  Owen stated that the hypothetical worker could be a janitor, groundskeeper, or hand packager.  [Filing No. 12-2, at ECF p. 73.]  Based on this testimony, the ALJ denied Shelton's claims.  [Filing No. 12-2, at ECF pp. 21-22.]  Owen also testified that the jobs of janitor, groundskeeper, and hand packager typically have probationary periods of about 90 days.  [Filing No. 12-2, at ECF p. 76.]  During that 90-day probationary period, the worker is "going to have to learn from someone, either a co-worker or supervisor."  *Id.*

Herein lies the problem. These jobs require a worker to go through a probationary period during which he must have more than brief, superficial interaction with supervisors and co-

workers.  Yet, according to the ALJ, Shelton is not able to do that.  According to the ALJ, Shelton is not able to have more than brief, superficial interaction with supervisors and co-workers.  This dichotomy compels the conclusion that Shelton will be unable to get through the required probationary period at each of the jobs used to deny his claim.

### IV.    Conclusion

For these reasons, the Magistrate Judge recommends that Shelton's brief in support of appeal [Filing No. 15] be granted and that this case should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  Any appeal of this recommended decision must be made within fourteen days.

Dated:  10/13/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joshua P. Dehnke
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
joshua.dehnke@ssa.gov

Timothy J. Vrana
TIMOTHY J. VRANA LLC
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov