UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA M. SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 1:14-cv-1920-SEB-TAB |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security's ("Commissioner") finding that Plaintiff Joshua M. Shelton ("Mr. Shelton") is not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d). This case was referred for consideration to Magistrate Judge Tim A. Baker, who on October 13, 2015, issued a Report and Recommendation that the Commissioner's decision be reversed and remanded for further proceedings because the ALJ's conclusions were not supported by substantial evidence. This cause is now before the Court on Defendant's Objections to the Magistrate Judge's Report and Recommendation, filed on October 21, 2015.

## **Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or was the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation we review those elements *de novo,* determining for ourselves whether the ALJ's decision as to those issues was supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). We make "the ultimate decision to adopt, reject, or modify" the Report and Recommendation, and need not adopt any portion as binding; we may, however, defer to those conclusions of the

Report and Recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## Discussion

The Commissioner has objected to Magistrate Judge Baker's Report and Recommendation ("R&R"), alleging that the R&R wrongfully found that the ALJ gave insufficient weight to the opinion of an evaluating psychologist, Dr. Robert Kissel, and mistakenly determined that the ALJ failed to consider the opinions of two other treating physicians, Dr. Mark Roth and Dr. Iris Crider-Nash.[1] We review these objections *de novo*.

### I. The Weight Afforded to Dr. Kissel's Opinions

The Commissioner first objects to the R&R's finding that the ALJ failed to grant adequate weight to the opinions of an evaluating psychologist, Dr. Robert Kissel. *See* Dkt. 24. Dr. Kissel performed a psychological exam of Mr. Shelton at the request of Mr. Shelton's attorney. R. at 397. His evaluation included the administration of a Million-III test, which indicated Mr. Shelton had "avoid[ant] and dependent personality characteristics," and the Gilliam Asperger's Disorder Scales, which categorized Mr.

---

[1] We note that Claimant also challenged the ALJ's step-five finding that Mr. Shelton could perform work that existed in significant numbers in the national economy, contending that the finding was based on inconsistent testimony given by the vocational expert with regard to Mr. Shelton's social limitations. In his R&R, Magistrate Judge Baker agreed with Claimant that the vocational expert's testimony presented a "dichotomy" that compelled an erroneous result and recommended remand on those grounds. Dkt. 23. The Commissioner has also objected to this portion of the R&R objected, maintaining that the testimony was, in fact, coherent and consistent. Dkt. 24. Because this case is remanded on other grounds, we need not engage in a parsing of the testimony to resolve this dispute as it will be resolved on remand. Accordingly, we make no ruling on the Commissioner's third objection and adopt the R&R only in so far as it relates to the first two grounds for remand.

3

Shelton as "highly probable" to be suffering from Asperger's Disorder. R. at 397. After the evaluation, Dr. Kissel opined that Mr. Shelton's possibilities for competitive, independent employment were limited and he would "need routine support on a daily basis relative to following through with work responsibilities, interacting with co-workers, as well as his supervisor." R. at 399. Dr. Kissel also recorded the following observations after the evaluation:

> Clinical observations indicated some weakness in [Mr. Shelton's] alertness as he was a slow and self-focused responder. . . . He showed adequate attentional skills but could be distracted or inattentive relative to self-focus. His interpersonal style was aloof and flat. Mr. Shelton showed weak social skills and there was not much give-and-take interaction or even interest.
>
> . . . .
>
> During direct testing . . . Mr. Shelton . . . was able to respond to basic test instructions. He did need repetition of instruction. . . . From a rather limited sample he seemed to suggest average range problem-solving skills. His concentration and persistence were adequate to average range. . . . Attention to detail overall was average range. . . . These results seem to be a reasonable reflection of his current levels of ability.

R. at 393–394.

Despite the test results and Dr. Kissel's recorded observations, the ALJ granted "limited weight" to Dr. Kissel's opinions when rendering her decision. R. at 21. We share the view contained in Magistrate Judge Baker's R&R that this decision was unsupported by substantial evidence because "[t]he ALJ did not provide a valid reason for minimizing the weight given to these findings." Dkt. 24 at 4. A treating physician's opinion must be given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

4

other substantial evidence." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) (citing 20 C.F.R. § 404.1527(c)(2)). Before a treating source's opinion may be rejected, the ALJ must provide a sound explanation for doing so. *Id.* The Commissioner contends that the ALJ provided a sound explanation in her decision for the limited weight attributed to Dr. Kissel's opinions. We disagree with the Commissioner's contention.

The ALJ's solitary explanation for assigning limited weight to Dr. Kissel's opinions was a two-sentence justification contained in her decision: "Dr. Kissel's opinion is given limited weight as this evaluation was performed at the request of the claimant's attorney. Further, Dr. Kissel based much of his opinion on the reports of the claimant and his mother, which as stated above, have been inconsistent." R. at 21. The Commissioner admits that the ALJ erred by affording limited weight to Dr. Kissel's opinions on the basis that the examination was solicited by Mr. Shelton's attorney;[2] however, she argues that this mistake, alone, is an insufficient to require remand because the ALJ "gave other well-supported reasons for [her] determination." Dkt. 24 at 1. Specifically, the Commissioner cites the ALJ's conclusion that much of Dr. Kissel's report relied on the inconsistent testimony of Mr. Shelton and his mother. Dkt. 24 at 3. We are unconvinced that the ALJ's conclusion, without more, is sufficient to constitute a "sound explanation" for why Dr. Kissel's opinions were afforded limited weight.

---

[2] Case law also supports this finding. *See Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) (the fact that relevant evidence has been solicited by the claimant or her representative is not a sufficient justification to belittle or ignore that evidence).

The Commissioner is correct that an ALJ may discount the opinions of a treating physician when those opinions rely heavily on the claimant's subjective complaints. *See Givens v. Colvin,* 551 Fed.Appx. 855, 861 (7th Cir. 2013). The ALJ is *not* permitted, however, to summarily conclude that a treating physician's opinion "relied heavily on a claimant's subjective complaints," assign limited weight to that opinion based on this conclusory statement, and move on. A sound explanation must be given for the ALJ's finding. *Id*.

In *Givens*, the ALJ gave a sound explanation for his decision to assign limited weight to the treating physician's opinions. 551 Fed.Appx. at 861. The ALJ discussed the physician's examination notes and initial comments and, more importantly, noted that the treating physician "cited no medical evidence" to support her conclusion. *Id*. Here, the ALJ failed to address the medical evidence—or lack thereof—that supports Dr. Kissel's opinions before discounting it. *See* R. at 19–20. The ALJ mentions the conclusions Dr. Kissel reached based on the allegedly inconsistent testimony of Mr. Shelton and his mother, but ignores those he reached based on the results of the Million-III test and his direct observations of Mr. Shelton. *See* R. at 19–20. Although an ALJ is not required to address "every piece of evidence" when reaching a decision (*see Sims v. Barnhart*, 309 F.3d 424, 429 (7th Cir. 2002)), she must discuss the medical evidence relied upon by a treating physician before assigning limited weight to the physician's opinions. An ALJ's failure to do so is a failure to provide a "sound explanation" for her decision and renders the decision unsupported by substantial evidence. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (Failure to provide "good

reasons" for not crediting the opinion of a claimant's treating physician is a ground for remand).

For this reason, we conclude that the ALJ's decision to afford Dr. Kissel's opinions limited weight was not supported by substantial evidence and remand is appropriate. We, therefore, OVERRULE Commissioner's first objection.

**II. The ALJ's Evaluation of Dr. Roth and Dr. Crider-Nash's Opinions**

The Commissioner's second objection is to the R&R's finding that the ALJ failed to adequately discuss opinion evidence from two additional treating physicians: Dr. Mark Roth and Dr. Iris Crider-Nash. Dkt. 24 at 5. Dr. Crider-Nash, a psychologist at the Adult & Child Mental Health Center, performed a psychological evaluation on Mr. Shelton in 2006. R. at 364. She conducted a diagnostic interview and administered a Minnesota Multiphasic Personality Invertory-2 ("MMPI-2") Test. R. at 364. Following the examination, Dr. Crider-Nash noted that the MMPI-2 test results "were suggestive of an anxious depression," and recommended that Mr. Shelton "would respond best to a directive, action-oriented treatment approach and possibly to assertiveness training." R. at 365. She also tentatively diagnosed Mr. Shelton with ADHD, and recommended more testing to confirm the diagnosis. R. at 365.

Dr. Roth, also a psychologist, evaluated Mr. Shelton in 2012 in connection with his application for Medicaid. R. at 271. Dr. Roth similarly found that Mr. Shelton "appear[ed] to suffer from attention deficit symptoms, including forgetfulness, distractibility, and self-regulatory deficits." R. at 271. He also described Mr. Shelton as

7

"involved in a vicious cycle of inactivity and depression that leads to loss of motivation and further withdrawal." R. at 271. Dr. Roth's "Diagnostic Impressions" diagnosed Mr. Shelton with ADHD, Generalized Anxiety Disorder, and Dysthymic Disorder, and recommended that Mr. Shelton "[s]tart [a] combination of psychotropic medications and psychotherapy." R. at 272.

The Commissioner does not contest Magistrate Judge Baker's finding that, while the ALJ's decision *mentioned* the examinations performed by Drs. Roth and Crider-Nash, she failed to *evaluate* either doctor's opinions. *See* Dkt. 24 at 5–6. She argues instead that the doctors' opinions are not "medical opinions" at all, and therefore the ALJ was under no obligation to evaluate them. Dkt. 24 at 5. An ALJ is required to evaluate every medical opinion submitted, regardless of its source. 20 C.F.R. § 404.1527 (a)(2). When a medical source issues an *administrative* or *legal* opinion, however, the ALJ is not required to evaluate the finding. *See* 20 C.F.R. § 404.1527 (d); *also see Collins v. Astrue*, 324 Fed.Appx. 516, 520 (7th Cir. 2009). Legal and administrative findings—such as a doctor's opinion that an applicant is "disabled"—are dispositive opinions about the case and are "reserved to the Commissioner." 20 C.F.R. § 404.1527 (d). Here, the Commissioner contends that the opinions of Dr. Roth and Dr. Crider-Nash are administrative findings, rather than medical findings, and that the ALJ's failure to evaluate them does not justify remand. Dkt. 24 at 5.

That simply is not the case. The opinions of Dr. Roth and Dr. Crider-Nash are medical opinions and the ALJ was required to evaluate them in her decision. The Social Security Act defines medical opinions as "statements from physicians and

8

psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. § 404.1527 (a)(2) (2016).

The Commissioner argues that the reports from Drs. Crider-Nash and Roth are not "medical opinions" because they "are decidedly devoid of any statements about what Plaintiff could do despite his impairments and any physical or mental restrictions." Dkt. 24 at 5. Thus, the Commissioner places particular emphasis on the second half of the provision, *"including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions,"* and interprets the language as an enumerated list of elements that a medical source's statement must contain in order to be considered a "medical opinion." *See* Dkt. 24 at 5–6. According to the Commissioner, a psychologist's evaluation of a patient will not be considered a "medical opinion" unless it includes *all* of the following: (i) the patient's symptoms, (ii) a diagnosis and prognosis, (iii) what the patient can still do despite his impairments, and (iv) any physical or mental restrictions the patient may have. Dkt. 24 at 5–6.

The Commissioner's interpretation, however, is unsupported by the law of this Circuit. Case law is replete with examples in which courts in the Seventh Circuit have interpreted the definition of a "medical opinion" in a less formulaic manner. *See Collins v. Astrue*, 324 Fed.Appx. 516, 520 (7th Cir. 2009) (doctor's "medical opinion" included a diagnosis of degenerative arthritis, an evaluation of the patient's physical limitations,

9

and what the patient could do despite the limitations, but did not include a prognosis or an express listing of symptoms); *Schmidt v. Colvin*, 545 Fed.Appx. 552, 554 – 556 (7th Cir. 2013) (doctor's "medical opinion" included an assessment of the patient's symptoms, physical limitations, and what he could do despite those limitations, but did not include a diagnosis or prognosis—patient was referred to specialists for diagnosis). We therefore construe the provision's use of the word "including" as a method to exemplify the types of statements that "reflect judgments about the nature and severity of [the claimant's] impairment(s)," rather than as a list of elements that must be included for a physician's statement to be considered a "medical opinion." *See* 20 C.F.R. § 404.1527 (a)(2). The analysis should turn on whether a medical source's statement reflects a judgment of the nature and severity of the claimant's impairment, *not* whether an opinion checks off a list of predetermined criteria.

      The opinions of Dr. Roth and Dr. Crider-Nash reflect professional judgments as to the nature and severity of Mr. Shelton's impairment. Dr. Roth opined that Mr. Shelton's mental impairments were so severe that he should start a combination of psychotropic medications and psychotherapy. *Supra* at 8. Similarly, Dr. Crider-Nash's opinions included, among other conclusions, the results of a MMPI-2 test, an accepted and reliable tool used by mental health professionals to assess and diagnose mental health disorders. *Supra* at 7. Clearly, a valid result of such a test reflects the nature and severity of Mr. Shelton's impairment. Because Dr. Roth and Dr. Crider-Nash are considered "acceptable medical sources" as psychologists, their statements are "medical opinions." Thus, the ALJ had a duty to evaluate the opinions in her decision and her

failure to do supports a remand. Accordingly, we OVERRULE the Commissioner's second objection.

## Conclusion

For the reasons detailed above, we find that neither of the Commissioner's objections to the Magistrate Judge's Report and Recommendation has merit or otherwise carries the day. The ALJ erred by failing to provide a valid reason for minimizing the weight given to the opinions Dr. Robert Kissel, and by refusing to evaluate the opinions of both Dr. Roth and Dr. Crider-Nash. Accordingly, the Commissioner's objections to the Magistrate Judge's Report are OVERRULED and we ADOPT the recommendations set forth in the Magistrate Judge's Report and Recommendation. The case is remanded for further review.

IT IS SO ORDERED.

Date: 3/31/2016

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

**Timothy J. Vrana**
TIMOTHY J. VRANA LLC
628 Third Street
PO Box 527
Columbus, IN 47202
(812) 375-9306
Fax: (812) 375-9304
Email: tim@timvrana.com

**Joshua P. Dehnke**
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
200 W. Adams Street
30th Floor
Chicago, IL 60606
877-800-7578 ext. 19118
Email: joshua.dehnke@ssa.gov

**Thomas E. Kieper**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 226-6333
Fax: (317) 226-6125
Email: tom.kieper@usdoj.gov